UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSSEAN CRISPIN,<br>*Plaintiff*, | )<br>)<br>) | CASE NO. 3:21-cv-00475 (KAD) |
| v. | )<br>) | |
| PEIRI, *et al.*,<br>*Defendants*. | )<br>) | FEBRUARY 24, 2025 |

<u>MEMORANDUM OF DECISION</u>
<u>RE: MOTION TO DISMISS BY DEFENDANTS RODRIGUEZ, WHITE, IBSEVIC, AND BAKEWELL (ECF NO. 88)</u>

Kari A. Dooley, United States District Judge:

The plaintiff, Jossean Crispin ("Crispin" or "Plaintiff"), currently incarcerated at Cheshire Correctional Institution, commenced this civil rights action pursuant to 42 U.S.C. § 1983 by Complaint filed on April 5, 2021. On initial review, the court dismissed all claims except his Eighth Amendment claim for deliberate indifference to mental health needs against certain named Defendants in their individual capacities. *See* Initial Review Order ("First IRO"), ECF No. 27, at 21. Those Defendants filed a Motion to Strike the Complaint, and the Court granted it, instructing Crispin to file an Amended Complaint on or before November 24, 2023. *See* Defs.' Mot. to Strike, ECF No. 45; Order, ECF No. 47. Crispin failed to meet that deadline, and after a *sua sponte* extension, the Court dismissed the case without prejudice on December 13, 2023. *See* Order, ECF No. 49.

On April 14, 2024, Crispin filed his Amended Complaint, and the Court reopened this case. *See* Am. Compl., ECF No. 64; Second IRO, ECF No. 65. Although neither contemplated in the Court's prior order, nor otherwise authorized, in his Amended Complaint, Crispin named five new defendants. *Id*. Before the Court is the Motion to Dismiss filed by four of those Defendants, Rodriguez, White, Ibsevic, and Bakewell (collectively, the "Additional Defendants"), in which

they argue that the claims against them in the Amended Complaint are time barred. *See* Defs.' Mot. to Dismiss ("Mot. to Dismiss"), ECF No. 88. Crispin opposes the motion, and the Additional Defendants' filed a reply on September 12, 2024. *See* Pl.'s Opp'n, ECF No. 90; Defs.' Reply, ECF No. 92. For the reasons that follow, the motion to dismiss is GRANTED in part and DENIED in part.

**Standard of Review**

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. *Id.* When reviewing a motion to dismiss under this standard, the court "must accept as true all nonconclusory factual allegations in the complaint and draw all reasonable inferences in the Plaintiffs' favor." *Kaplan v. Lebanese Canadian Bank SAL*, 999 F.3d 842, 854 (2d Cir. 2021). However, "while this plausibility pleading standard is forgiving, it is not toothless. It does not require [the court] to credit legal conclusions couched as factual allegations or naked assertions devoid of further factual enhancement." *Mandala v. NTT Data, Inc.*, 975 F.3d 202, 207 (2d Cir. 2020) (citation and quotation marks omitted).

"[W]here the dates in a complaint show that an action is barred by a statute of limitations, a motion to dismiss based on the statute of limitations is properly treated as one under Rule 12(b)(6)[.]" *Cangemi v. United States*, 13 F.4th 115, 134 (2d Cir. 2021) (citation and quotation

marks omitted). In deciding such a motion, "the court must decide whether the timing alleged in the complaint demonstrates that the cause of action could have occurred within the statute of limitations." *A Slice of Pie Prods., LLC v. Wayans Bros. Ent.*, No. 3:04CV1034(JBA), 2006 WL 2130734, at *2 (D. Conn. July 28, 2006) (citation omitted). "[A] motion to dismiss may be granted if a complaint's allegations affirmatively establish an action's untimeliness, but it may not be granted simply because a complaint failed to include allegations affirmatively establishing its timeliness." *Slainte Invs. Ltd. P'ship v. Jeffrey*, 142 F. Supp. 3d 239, 253-54 (D. Conn. 2015).

**Facts and Procedural History**

The Court includes here only the allegations relating to the claims against the Additional Defendants and recites only the procedural history necessary for the adjudication of the instant motion.

Crispin filed his original Complaint on April 5, 2021. *See* Compl., ECF No. 1. The original Complaint was 47 pages long, named 20 Defendants, and contained 143 paragraphs of factual allegations. *Id.* at 2–6, 39. At times difficult to follow, the Complaint detailed Crispin's struggles with mental health issues at various Connecticut state prisons between 2019 and 2021, and the alleged misconduct perpetrated against him by the then-named Defendants during that time period. Upon Initial Review pursuant to 28 U.S.C. § 1915A, the court dismissed all claims except the claims for deliberate indifference to mental health needs against Defendants Peiri, Torres, Patel, Jackson 1, Callahan, Barbara K., Reischerl, APRN/Dr. Doe, and Maiga in their individual capacities. *See* First IRO at 20–21.

Following initial review, Defendants filed a Motion to Strike the Complaint. *See* Defs.' Mot. to Strike, ECF No. 45. The Court granted Defendants' motion, reasoning that "parsing out [the one remaining claim] against these Defendants from the lengthy and expansive original

3

Complaint would be very difficult, if not impossible." Order, ECF No. 47. Thus, on October 23, 2023, the court ordered Crispin to file an Amended Complaint on or before November 24, 2023, asserting only his Eighth Amendment deliberate indifference claim *against the eight defendants identified in the First IRO. Id.*

When Crispin did not comply with that order, the court *sua sponte* extended the deadline to December 8, 2023, and cautioned Crispin that the case would be dismissed as to these remaining Defendants if he failed to meet the new deadline. *See* Order, ECF No. 48. Crispin did not meet the deadline, and on December 13, 2023, the court dismissed the case without prejudice. *See* Order, ECF No. 49.

On January 17, 2024, Crispin filed a motion seeking, *inter alia*, reconsideration of the dismissal and reopening of his case. *See* Pl.'s Mot. for Injunction, Reconsideration to Open Case, and Court Order ("Mot. to Reopen"), ECF No. 52.[1] The court denied the motion without prejudice, because Crispin had not filed the required Amended Complaint. *See* Order, ECF No. 58.[2] The Court afforded him an extension of time, until March 14, 2024, to do so. *Id.* Crispin sought and was granted an extension of this deadline, to June 3, 2024. *See* Order, ECF No. 63.

Crispin filed his Amended Complaint on April 16, 2024. *See* Am. Compl. Contrary to the Court's prior order, in addition to the defendants originally named, Crispin included newly-named Defendants Bentos, Rodriguez, White, Ibsevic, and Bakewell with respect to his claims for deliberate indifference to his mental health needs.[3]

---

[1] In the weeks after he filed his Motion for Reconsideration, Crispin filed five addenda, which totaled over 300 pages, including the initial motion. *See* ECF Nos. 52–57.

[2] In addition to denying Crispin's Motion to Reopen, the Court also denied his request for injunctive relief because it was not related to the claims in this case, which stem from Crispin's incarceration in 2021, rather than his current term of incarceration. *See* Order, ECF No. 58.

[3] The Connecticut Department of Correction's Office of Legal Affairs was unable to identify Defendant Bentos. On June 5, 2024, the Court therefore instructed Crispin to request discovery that will allow him to identify Bentos, at which time the Court will assist with service. *See* Order, ECF No. 67. Crispin was given a deadline of August 4, 2024.

4

In the Amended Complaint, Crispin alleged that, upon evaluation of his mental state, Defendants Dr. Doe and Reischerl recommended that he be placed at Garner Correctional Institution ("Garner") to Defendants Rodriguez and Maiga. Am. Compl., ECF No. 64, at ¶ 3. Defendants Rodriguez and Maiga disregarded this recommendation concerning Crispin's mental state and, as a result, he allegedly was subjected to two years of psychological "torture." *Id*. at ¶¶ 4–6. Crispin does not provide a date on which these events unfolded, but does allege that he was sent to Garner Correctional Institution in July 2019. *Id.* at ¶ 1.

Crispin further alleged that on December 18, 2019, he spoke separately to Defendants White, Ibsevic, and Bakewell, stating that he needed mental health preventive intervention and asking them to contact the mental health department. *Id*. ¶¶ 109-11. None did. *Id*.

Defendants Rodriguez, White, Ibsevic, and Bakewell have filed the instant motion to dismiss all claims against them as time-barred. *See* Mot. to Dismiss. Crispin opposes this motion, arguing that he only recently discovered the identities of the Additional Defendants, that he was prevented from discovering the Additional Defendants due to Defendants' failure to provide their initial disclosures to him by November 24, 2023, and further that this Court does not have jurisdiction over the instant motion due to Crispin's then-pending interlocutory appeal. *See* Pl.'s Mot. for Contempt and of Obj. ("Pl.'s Opp'n"), ECF No. 90 at 1–4.[4] The Additional Defendants filed a Reply on September 12, 2024, in which they contend that Crispin's recent discovery of their identities further supports dismissal, that the interlocutory appeal does not affect the Court's jurisdiction, and that Crispin's request for sanctions should be denied. *See* Defs.' Reply, ECF No.

---

*Id.* However, on July 31, 2024, Crispin filed an interlocutory appeal of, *inter alia*, the Court's denial of his motion to compel discovery. *See* Notice of Interlocutory Appeal, ECF No. 84.

[4] In his opposition, Crispin also requested that the Court "place[] the Defendants and their counsel in 'Contempt of a Court order'" and award him monetary sanctions as a result of Defendants' alleged failure to comply with the Court's initial disclosure order. *See* Pl.'s Opp'n, ECF No. 90, at 3–4.

5

92, at 1–4. For the following reasons, the motion to dismiss is GRANTED in part and DENIED in part.

**Discussion**

The Additional Defendants move to dismiss all claims against them as barred by the statute of limitations. The limitations period for filing a § 1983 action in Connecticut is three years, which is borrowed from the state's statute of limitations for personal injury actions as set forth in Conn. Gen. Stat. § 52-577. *See Clark v. Hanley*, 89 F.4th 78, 91 (2d Cir. 2023). Although the Amended Complaint is dated February 26, 2024, Crispin did not sign it until April 15, 2024. Am. Compl. at 1, 29.[5] Thus, the earliest he could have given the Amended Complaint to prison officials for filing is April 15, 2024. *See Sides v. Paolano*, 782 F. App'x 49, 50 (2d Cir. 2019) ("Under the prison mailbox rule, a pro se prisoner's complaint is deemed filed upon its delivery to prison authorities for transmittal to the district court.") (citing *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993)).

*COVID Tolling*

Federal courts refer to state law for tolling rules. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). Thus, "'both statutory and common law rules' relating to tolling a statute of limitations apply to § 1983 causes of action." *Esposito v. Aldarondo*, No. 3:22-CV-00621(MPS), 2023 WL 2228412, at *3 (D. Conn. Feb. 24, 2023) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 81 (2d Cir. 2002)). Between the dates of Defendants' alleged unconstitutional conduct and the date Crispin filed his Amended Complaint, the Governor of Connecticut, Ned Lamont, issued executive orders suspending all statutes of limitations in Chapter 926 of the Connecticut General Statutes, which contains § 52-577, from March 19, 2020, to March 1, 2021, or 347 days.[6] *See Santana v. Quiros*,

---

[5] Crispin did not individually number all of the pages or exhibits of his Amended Complaint. Therefore, when citing to page numbers therein, the Court uses the number provided by the CMECF system.

[6] In their Memorandum in Support, the Additional Defendants state that the statute was suspended for 346 days. Defs.' Mem. in Supp. at 8. However, the Court's own calculation, as well as those of other courts to address the issue, put

No. 3:21-CV-376 (SVN), 2022 WL 16706959, at *6 (D. Conn. Nov. 4, 2022) (citing Executive Order No. 7G (March 19, 2020), CT.GOV, https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-7G.pdf; Executive Order No. 10A (February 8, 2021), CT.GOV, https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-10A.pdf).[7] Thus, to be timely, accounting for the COVID tolling, Crispin's claims against the Additional Defendants must have accrued within the 3 years and 347 days (or 1,443 days) prior to his filing the Amended Complaint, or after May 3, 2020.[8]

*Accrual of Claims*

While federal courts may look to state law, as is the case here, to determine the applicable limitations period, federal law controls when the cause of action accrues. *See Wallace*, 549 U.S. at

---

the suspension at 347 days. *See Sakon v. Johnson*, No. 3:23-CV-107 (AWT), 2024 WL 1176571, at *3 (D. Conn. Mar. 19, 2024); *Pileggi v. Mathias*, No. 3:22-CV-1315 (AWT), 2024 WL 1345186, at *10 (D. Conn. Mar. 29, 2024); *Bernstein v. Town of Stratford*, No. AAN-CV-22-6047562-S, 2024 WL 3579549, at *5 (Conn. Super. Ct. July 22, 2024).

[7] Though parties in other cases have argued that to "suspend" the statute of limitations is not the same as to "toll" it, a "unanimous line of decisions," in Connecticut have held that "Executive Order 7G served to interrupt or pause any statute of limitations that would have otherwise been running during the applicable period." *Esposito*, 2023 WL 2228412, at *4 (collecting cases, internal quotation and citation omitted).

[8] The Additional Defendants argue that Crispin is not entitled to the tolling authorized by Governor Lamont's executive orders. Defs.' Mem. in Supp. at 8. They instead apply the test for equitable tolling, and cite *Rodriguez v. United States*, for the proposition that "[Plaintiff's] mention of the pandemic, without more, is insufficient to invoke the equitable tolling doctrine." No. 3:16-CR-238, 2022 WL 1229017, at *3 (D. Conn. Apr. 26, 2022). However, Defendants appear to conflate equitable tolling in a specific case with a blanket tolling order issued by the state. *See Connelly v. Komm,* No. 3:20CV1060 (JCH), 2021 WL 5359738, at *4 (D. Conn. Nov. 16, 2021) (Distinguishing the doctrine of equitable tolling from tolling by executive order). And since *Connelly*, "courts in this Circuit—and in this District—have consistently found that executive orders enacted in response to the COVID-19 pandemic toll borrowed state statutes of limitations for the purposes of a Section 1983 claim." *Cornish v. Town of Bloomfield*, No. 3:23-CV-1553 (KAD), 2024 WL 4692283, at *4 (D. Conn. Nov. 6, 2024). Further, the petitioner in *Rodriguez* filed his case pursuant to 28 U.S.C. § 2255, which has a one-year limitations period that is set by federal statute rather than one "borrowed" from state law. *See* 2022 WL 1229017; 28 U.S.C. § 2255(f). Courts in this Circuit have held that state executive orders do not toll limitations periods set by federal law. *See Romero v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 21-CV-4951 (LJL), 2022 WL 624451, at *6 (S.D.N.Y. Mar. 2, 2022) ("Governor Cuomo's order does not purport to toll, nor could it, the time periods established by federal law."); *Rich v. New York*, No. 21 CIV. 3835 (AT), 2022 WL 992885, at *8 (S.D.N.Y. Mar. 31, 2022) (Holding that New York's COVID tolling order did not apply to claims under 42 U.S.C. § 1986 "because the applicable statute of limitations for that claim is found in the federal statute itself."). The court's reasoning in *Rodriguez* is therefore inapplicable to the instant case.

388. Under federal law, a cause of action accrues—and the statute of limitations begins to run—"when the plaintiff can file suit and obtain relief." *Id*. (internal quotation marks and citation omitted). Thus, the Court must determine when Crispin possessed sufficient facts about the harm done to him that reasonable inquiry would reveal the cause of action. *See United States v. Kubrick*, 444 U.S. 111, 122-24 (1979). The court "should look to 'the time of the ... act, not the point at which the *consequences* of the act become[] painful.'" *Coronado v. City of New York*, NO. 11CV5188-LTS-HBP, 2014 WL 4746137, at *3 (S.D.N.Y. Sept. 24, 2014) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)). An Eighth Amendment claim for deliberate indifference to medical needs accrues when the plaintiff "either knew or had reason to know both (1) that he suffered from an objectively serious medical condition while he was incarcerated and (2) that Defendants-Appellees failed to provide adequate treatment because they consciously disregarded a substantial risk to his health and safety." *Mallet v. New York State Dep't of Corr. & Cmty. Supervision*, No. 22-2884, 2025 WL 77230, at *5 (2d Cir. Jan. 13, 2025).

The allegations against the Additional Defendants occurred on different dates, so the Court addresses them in turn.

### Rodriguez

With respect to Rodriguez, Crispin alleges that he and Defendant Maiga ignored the recommendation of mental health doctors that Crispin be sent to Garner Correctional, but Crispin does not state when this occurred. Am. Compl. at ¶¶ 3–4. However, earlier on the same page, in the first paragraph of the Amended Complaint, Crispin alleges that "on July, 2019 the Plaintiff was sent to Garner Corr. Inst. do [sic] to the effects of solitary confinement…," which allows or perhaps compels the inference that the events described thereafter took place prior to his transfer to Garner. *Id.* at ¶ 1 (cleaned up). Crispin goes on to write that this placement at Garner was

recommended by mental health doctors due to his schizophrenia, that Rodriguez and Maiga disregarded the doctors' advice in order to injure and punish him, and because of that he was "subjected to close to 2-years of psychological torture and physical torture," and was "eventually" transferred to "Walker/McDougle Corr. Inst. [sic]" *Id.* at ¶¶ 2–7 (cleaned up). Crispin's allegations are difficult to follow temporally. He starts by writing he was sent to Garner, and then alleges that Rodriguez and Maiga refused to send him to Garner, against the advice of doctors. Later, on the same page, again without specifying or even approximating a date, he writes that he was sent to Garner "for the 3rd time." *Id.* at ¶ 9.

While there are additional cues in the Amended Complaint from which a reasonable inference could be drawn as to when the conduct attributed to Rodriguez might have occurred, any definitive conclusion in this regard is simply impossible. As written therefore, it is not apparent from the face of the complaint that the claims against Rodriguez are time barred. *See Cangemi*, 13 F.4th at 134. Rodriguez is free to pursue a statute of limitations defense through discovery and if appropriate, summary judgment. The motion to dismiss as to the claims against Defendant Rodriguez is DENIED.

### White, Ibsevic, and Bakewell

For White, Ibsevic, and Bakewell, the analysis is straightforward. Crispin alleges that they failed to contact the mental health department in response to his request on December 18, 2019. Am Compl. at ¶¶ 109–11. As that date is well before May 3, 2020, the claims against them clearly accrued outside of the limitations period.

*Relation Back*

This does not, however, end the Court's inquiry. Federal Rule of Civil Procedure 15(c) allows defendants to be added via amended complaint after the statute of limitations has expired

9

so long as the amended complaint "relates back" to a timely filed complaint. *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 88 (D. Conn. 2020). "Rule 15(c)(1)(C) provides the federal standard for relation back." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Four conditions must be met for an Amended Complaint that adds a new party to relate back to the original Complaint:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party [knew or] should have known that, but for a mistake of identity, the original action would have been brought against it; and ... [4] the second and third criteria are fulfilled within [the period provided by Rule 4(m) for serving the summons and complaint], and ... the original complaint [was] filed within the limitations period.

*Ceara v. Deacon*, 916 F.3d 208, 211 (2d Cir. 2019). Although it appears likely that the second prerequisite is not met, it is manifest that the Amended Complaint fails the third condition, and therefore does not relate back for statute of limitations purposes.

The Second Circuit has held that the "requirement of Rule 15(c) 'that a new defendant "knew" he was not named due to a mistake concerning identity presupposes that in fact the reason for his not being named was a mistake in identity.'" *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996) (quoting *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994)). In *Cornwell*, the plaintiff added defendants in an otherwise untimely amended complaint. However, the plaintiff knew the identities of the newly added defendants at the time she filed her original complaint, but did not name them therein. *Cornwell*, 23 F.3d at 705. She "plainly… knew the identities of the [defendants] who she contended harassed and discriminated against her," and an exhibit to the original complaint "set out details of their alleged misconduct." *Id.* Based on this knowledge, the Second Circuit found that her failure to name certain of those defendants in her original complaint was a "matter of choice, not mistake," and

held that the amended complaint did not relate back to the original complaint for statute of limitations purposes. *Id*. Thus, courts within the Second Circuit permit relation back when a plaintiff names the wrong party, i.e. mistaken identity, in the original complaint, but not when a plaintiff names one, but not all of the then-known persons who may be liable to the plaintiff. *Chunn v. Amtrak*, No. 14-CV-6140(PAC)(HBP), 2017 WL9538164, at *11 (S.D.N.Y. May 11, 2017) (collecting cases); *see also Liverpool v. Davis*, 442 F. Supp. 3d 714, 726 (S.D.N.Y. 2020) (finding that *pro se* plaintiff's addition of new defendants could not relate back to date of original complaint where there was no mistaken identification of the new defendants; they were only additional parties); *Hahn v. Off. & Prof'l Emps. Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 385 (S.D.N.Y. 2015) (no mistake where "plaintiff has sued [what he believes is] the right defendant, and simply neglected to sue another defendant who might also be liable").

Here, Crispin included the same allegations in the original Complaint as in the Amended Complaint against Defendants White, Ibsevic, and Bakewell. *Compare* Compl. at ¶¶ 108–10 *and* Am. Compl. at ¶¶ 109–11. Thus, as he was aware of their identities and his claims against them but chose not to include them as defendants, the claims against Defendants White, Ibsevic, and Bakewell do not relate back to the date of the Complaint.[9]

*Equitable Tolling*

Lastly, the Court considers whether equitable tolling saves Crispin's claims against White, Ibsevic, and Bakewell. Equitable tolling may apply if Crispin can "establish that extraordinary circumstances prevented [him] from filing [his] claim on time, and that [he] acted with reasonable diligence throughout the period [he] seeks to toll." *Parada v. Banco Indus. De Venezuela, C.A.*,

---

[9] Notwithstanding, Crispin argues in opposition that he was unable to identify the Additional Defendants because the appearing Defendants failed to provide the initial discovery disclosures until after he filed the Amended Complaint. Pl.'s Opp'n at 3–4. This argument is specious. As discussed above, this claim is conclusively belied by the original Complaint wherein White, Ibsevic and Bakewell are identified, as is their allegedly wrongful conduct.

11

753 F.3d 62, 71 (2d Cir. 2014) (citation and quotation marks omitted). Equitable tolling is only appropriate in "rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Montague v. City of Rochester*, No. 21-1598-PR, 2022 WL 16558154, at *2 (2d Cir. Nov. 1, 2022). Further, Crispin must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Dull v. Comm'r of Correction*, No. 3:23-CV-1220 (SVN), 2024 WL 1576609, at *4 (D. Conn. Apr. 11, 2024) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Preliminarily, as discussed above, Crispin was equipped with all of the knowledge he needed to include White, Ibsevic, and Bakewell in the original Complaint. And it is self-evident that he faced no obstacles to the filing of the original Complaint in a timely manner. It is thus difficult to conceive how equitable tolling has any bearing or applicability to the Amended Complaint.

Notwithstanding, in his opposition, Crispin argues that he "was barred from [filing an amended complaint] d[ue] to his poverty as the Plaintiff would be forced to choose between his basic needs and paying rent over litigating and defending his claims...." Pl. Opp'n at 3. This argument would perhaps have some persuasive impact if, in fact, he was delayed in discovering the identity of White, Ibsevic and Bakewell following the filing of the original complaint. But as this was clearly not the case, the argument does not demonstrate a "rare and exceptional" circumstance giving rise to equitable tolling.

Because Crispin's Amended Complaint was filed outside of the limitations period for the claims asserted against White, Ibsevic and Bakewell, and because the Amended Complaint does not relate back to the original Complaint in accordance with Rule 15(c), and because Crispin's

circumstances do not warrant equitable tolling, the claims against Defendants White, Ibsevic, and Bakewell are dismissed as time-barred.

**Conclusion**

For the foregoing reasons, the Motion to Dismiss filed by Defendants Rodriguez, White, Ibsevic, and Bakewell, ECF No. 88, is GRANTED as to Defendants White, Ibsevic and Bakewell and DENIED as to Defendant Rodriguez. The Clerk of the Court is directed to terminate White, Ibsevic, and Bakewell as defendants.

**SO ORDERED** at Bridgeport, Connecticut, this 24th day of February 2024.

                                     */s/ Kari A. Dooley*
                                     KARI A. DOOLEY
                                     UNITED STATES DISTRICT JUDGE